# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITO JOSE SARAGOZA, | Case No. 1:23-cv-00355-BAM (PC) |
| Plaintiffs, | ORDER FOR PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS |
| v. | |
| JOHN DOE NO. 1, *et al.*, | (ECF No. 1) |
| Defendants. | **THIRTY (30) DAY DEADLINE** |

Plaintiff Benito Jose Saragoza ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on March 6, 2023, is currently before he Court for screening. (ECF No. 1.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1

1  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

2  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

3  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

4  true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,

5  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

6        To survive screening, Plaintiff's claims must be facially plausible, which requires

7  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

8  for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

9  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

10 is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

11 standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

12 **II.     Plaintiff's Allegations**

13       Plaintiff is currently housed at California State Prison, Los Angeles, California.  Plaintiff

14 alleges the events in this action arose while Plaintiff was housed at California State Prison in

15 Corcoran, California ("Corcoran").  Plaintiff names as defendant: (1) John Doe #1, (2) John Doe

16 #2, (3) John Doe #3, (4) John Doe #4, and (5) John Doe #5, correctional sergeant.  John Does #1-

17 4 are correctional officers.

18       Plaintiff alleges that each John Doe was "unprofessional, willing to wrong,

19 disrespectfully, hatred."  Plaintiff alleges that in "the year of 2014," three unknown officers came

20 to his cell and told Plaintiff that Plaintiff was moving.  He was told to get naked so Plaintiff could

21 be searched, and Plaintiff refused. The officer said he would make Plaintiff, so Plaintiff complied.

22 The officers were Mexican, two males and one female. When they got to the cell, the female

23 officer slammed the door and said "this our politick bitch."  In the cell, a cellie was in the dark.

24 The cellie got mad, said he was singled cell and told Plaintiff to get out of my cell.  The cellie

25 slapped Plaintiff in the back of his head.  The next day, the cellie grabbed Plaintiff's penis and the

26 cellie beat Plaintiff badly.

27       John Doe #1 asked plaintiff get naked to search Plaintiff "knowing [Plaintiff] would be

28 assaulted."  John Doe #1 said he would force the search. John Doe #2 and Jane Doe #3 allowed

the first officer to search Plaintiff "with the knowledge of assault." Sergeant John Doe #4 approved the move.  Jane Doe #3 stated "this our politick bitch." Inmate Robison assaulted Plaintiff on day one and day two. John Doe 1 and 2 allowed the assault and PREA violation.  The day it happened, Sergeant John Doe #5 never sent Plaintiff to ASU or started PREA investigation.  Plaintiff went to the nurse and alleged PREA and they knew already.

Plaintiff suffered pain and injury and mental distress.  Plaintiff seeks $70,000 for physical and mental pain. Plaintiff alleges that he continues to suffer pain in his back, neck, and pain; something is sticking from his neck; his spine is not straight; he suffers from mental stress and emotional distress; he has dreams about being raped; and he has been feeling not right.  Plaintiff believes he was not treated as a person who was raped, and the investigation was not completely done.

### III.  Discussion

Failure to comply with the applicable statute of limitations may be grounds for dismissal at the screening phase if it is evident from the face of the complaint that the plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993).

It appears that Plaintiff's claims are time-barred by the statute of limitations. "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal citation and quotation marks omitted.) Section 1983 claims "are best characterized as personal injury actions." *Wilson v. Garcia*, 471 U.S. 261, 279 (1985). California imposes a two-year statute of limitations for personal injury actions. Cal. Code Civ. P. § 335.1; *see also Mills v. City of Covina*, 921 F.3d 1161 (9th Cir. 2019) (applying this statute to § 1983 claims). The limitations period for § 1983 claims is thus two years. *Bd. of Regents v. Tomanio*, 446 U.S. 478, 485 (1980); 42 U.S.C. § 1988(a).

Prisoners receive an additional two years to file personal injury claims, generally resulting in a total of four years period from accrual for prisoners to file a claim under § 1983. See Cal.

1 Civ. Proc. Code § 352.1(a) ("If a person entitled to bring an action, ... is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.").

Plaintiff alleges that the injuries at issue in this case occurred on two consecutive days in April 2014. Four years from 2014 means that Plaintiff was required to file his action by 2018. This action was filed on March 6, 2023.  Plaintiff's claims thus appear untimely. Accordingly, the Court will order Plaintiff to show cause why this action should not be dismissed for failure to comply with the applicable statute of limitations.

While it generally must be raised as an affirmative defense, failure to comply with the statute of limitations can be considered at the screening phase if it is apparent, from the face of the complaint, that plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue." *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993).

**ORDER**

As it appears from the face of the complaint that Plaintiff's claims are time-barred, it is HEREBY ORDERED that, within thirty (30) days from the date of service of this order, Plaintiff shall show cause, in writing, why this action should not be dismissed because Plaintiff's claims are barred by the statute of limitations. <u>Failure to comply with this order will result in a recommendation to dismiss the action as barred by the statute of limitations</u>.

IT IS SO ORDERED.

Dated:   **May 23, 2023**          /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE