# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BENITO JOSE SARAGOZA,

Plaintiff,

v.

JOHN DOE NO. 1, *et al.*,

Defendants.

Case No. 1:23-cv-00355-BAM (PC)

ORDER DISCHARGING ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS
(ECF No. 11)

SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ON COGNIZABLE CLAIMS
(ECF No. 1)

**THIRTY (30) DAY DEADLINE**

Plaintiff Benito Jose Saragoza ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I. Order to Show Cause Regarding Statute of Limitations**

On May 23, 2023, the Court issued an order for Plaintiff to show cause why this action should not be dismissed, without prejudice, as barred by the statute of limitations. (ECF No. 11.) Following an extension of time, Plaintiff filed a response to the order to show cause on June 23, 2023.[1] (ECF No. 12.)

In his response, Plaintiff argues that he was within the statute of limitations for filing this case because he was deemed insane and admitted to the state hospital for a mental illness, during

[1] The Court notes that the response references Case No. 1:23-cv-00496-CDB (PC), which is a different case Plaintiff filed with this Court, *Saragoza v. Doe*, which may be duplicative of the instant action. Plaintiff is advised that he should include the correct case number on all of his filings to ensure they are filed in the correct action.

that situation and until the present. (ECF No. 12.) Plaintiff alleges that for the last few years he has been in and out of various mental hospitals, was deemed insane, was under a court order to be on medication for schizophrenia, was on the streets, and was also in different jails for different criminal charges and violations. During the time of the incident at issue in the complaint, which he believes was on May 21, 2014 and May 22, 2014, he was going through so much, was threatened with harm if he reported anything, and didn't know how to read or write. (*Id.*)

Based on a review of Plaintiff's response to the order to show cause and the allegations therein, the Court finds that Plaintiff provides a plausible basis to assert that he may be entitled to equitable tolling of the statute of limitations.

With respect to mental incapacity, California law specifies that equitable tolling may be appropriate during the time the party "lacked the legal capacity to make decisions." Cal. Code Civ. Proc. § 352(a). The fact that a plaintiff was mentally impaired is not, by itself, sufficient to warrant tolling. *Lang v. Sacramento Sheriff Dep't*, No. 2:14-cv-0777 EFB P, 2017 WL 1093838, at *2 (E.D. Cal. Mar. 23, 2017). Rather, the provision only applies where the individual is "incapable of caring for [his] property or transacting business or understanding the nature or effects of [his] acts." *Estate of Stern v. Tuscan Retreat, Inc.*, 725 F. App'x 518, 521 (9th Cir. 2018) (citation omitted). This lack of legal capacity must have been present at the time the plaintiff's claim accrued. Cal. Code Civ. Proc. § 354(a). "A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

Equitable tolling is typically a "fact-intensive" inquiry that "is more appropriately [considered] at the summary judgment or trial stage of litigation." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993) (citations omitted). Therefore, at this time the Court finds that Plaintiff has presented allegations which, <u>if proved</u>, could establish that he is entitled to equitable tolling and that this claim is not barred by the statute of limitations.[2] Accordingly, the order to show cause is discharged, and Plaintiff's complaint is before the Court for screening.

[2] This does not preclude the filing of a later motion for summary judgment on the ground that Plaintiff's claims are barred by the statute of limitations.

**II. Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**III. Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison, Los Angeles, California. Plaintiff alleges the events in this action arose while Plaintiff was housed at California State Prison in Corcoran, California ("Corcoran"). Plaintiff names as defendants: (1) Correctional Officer John Doe #1; (2) Correctional Officer John Doe #2; (3) Correctional Officer Jane Doe #3; (4) Correctional Sergeant John Doe #4; and (5) Correctional Sergeant John Doe #5.

Plaintiff alleges that each John Doe was "unprofessional, willing to wrong, disrespectfully, hatred." Plaintiff alleges that in "the year of 2014," three unknown officers came to his cell and told Plaintiff that Plaintiff was moving. He was told to get naked so Plaintiff could

be searched, and Plaintiff refused. The officer said he would make Plaintiff, so Plaintiff complied. The officers were Mexican, two males and one female. When they got to the cell, the female officer slammed the door and said "this our politick bitch." In the cell, a cellie was in the dark. The cellie got mad, said he was single celled and told Plaintiff to get out of my cell. The cellie slapped Plaintiff in the back of his head. The next day, the cellie grabbed Plaintiff's penis and the cellie beat Plaintiff badly.

John Doe #1 asked Plaintiff get naked to search Plaintiff "knowing [Plaintiff] would be assaulted." John Doe #1 said he would force the search. John Doe #2 and Jane Doe #3 allowed the first officer to search Plaintiff "with the knowledge of assault." Sergeant John Doe #4 approved the move. Jane Doe #3 stated "this our politick bitch." Inmate Robison assaulted Plaintiff on day one and day two. John Does #1 and #2 allowed the assault and PREA violation. The day it happened, Sergeant John Doe #5 never sent Plaintiff to ASU or started PREA investigation. Plaintiff went to the nurse and alleged PREA and they knew already.

Plaintiff suffered pain and injury and mental distress. Plaintiff seeks $70,000 for physical and mental pain. Plaintiff alleges that he continues to suffer pain in his back, neck, and pain; something is sticking from his neck; his spine is not straight; he suffers from mental stress and emotional distress; he has dreams about being raped; and he has been feeling not right. Plaintiff believes he was not treated as a person who was raped, and the investigation was not completely done.

## IV. Discussion

### A. Supervisory Liability

Insofar as Plaintiff is attempting to sue Defendants Correctional Sergeants John Doe #4 and #5 based on their supervisory roles, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir.2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

///

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

Plaintiff states only that John Doe #4 approved the move, and John Doe #5 did not send Plaintiff to ASU or start a PREA investigation. However, Plaintiff does not allege that John Doe #4 had knowledge that the move place Plaintiff in any danger, or that John Doe #5 knew that Plaintiff had been assaulted or raped by his cellmate after the move. Plaintiff has failed to establish that either defendant participated in or directed any constitutional violation or that he implemented a policy so deficient that it was the moving force of any constitutional violation.

**B. Eighth Amendment – Failure to Protect**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference . . ." *Labatad v. Corrs. Corp. of Amer.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners or others because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. *Farmer*, 511 U.S. at 833; *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir.2009); *Hearns v.*

*Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 834, 841; *Clem*, 566 F.3d at 1181; *Hearns*, 413 F.3d at 1040.

Plaintiff alleges that Defendants John Doe #1 and #2 and Jane Doe #3 all had knowledge that he would be assaulted by his new cellmate. At the pleading stage, Plaintiff states a cognizable claim for failure to protect against these defendants.

**C. Doe Defendants**

Plaintiff names only Doe defendants. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

**V. Conclusion and Order**

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim against Defendants John Doe #1, John Doe #2, and Jane Doe #3 for failure to protect in violation of the Eighth Amendment. However, Plaintiff's complaint fails to state any other cognizable claims for relief against any other defendant. Plaintiff will be granted leave to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on the cognizable claims identified by the Court, he may file a notice informing the Court that he does not intend to amend, and he is willing to proceed only on his cognizable claims. The Court will then recommend that the remaining claims be dismissed from this action, and then initiate the process for service of the complaint.

If Plaintiff wishes to file an amended complaint, any such amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the

deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
    a. File a first amended complaint curing the deficiencies identified by the Court in this order; or
    b. Notify the Court in writing that he does not wish to file a first amended complaint and he is willing to proceed only on his claims against Defendants John Doe #1, John Doe #2, and Jane Doe #3 for failure to protect in violation of the Eighth Amendment; and
3. **If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action, without prejudice, for failure to obey a court order and for failure to prosecute**.

IT IS SO ORDERED.

Dated: **June 28, 2023**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE